# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMED NAZIR BIN LEP,**<br><br>   Petitioner,<br><br>v.<br><br>**BARACK OBAMA, et al.,**<br><br>   Respondents. | Civil Action No. 09-0031 (JDB) |

## CASE MANAGEMENT ORDER

Pursuant to the status hearing held on April 30, 2010, and consistent with the standards set forth in *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008), *Hamdi v. Rumsfeld*, 542 U.S. 507, 539 (2004) (plurality), and *Al-Bihani v. Obama*, 590 F.3d 866, 878-80 (D.C. Cir. 2010), and the standards referenced in the Case Management Order entered by Judge Hogan on November 6, 2008 and revised on December 16, 2008, the Court enters the following Case Management Order to govern proceedings in the above-captioned case.

### I.

**A.     Unclassified and Declassified Factual Returns**. (1) By not later than May 14, 2010, respondents shall file an unclassified version of the factual return. Respondents represent that this return will redact all classified and "protected" information. (2) By not later than May 28, 2010, petitioner shall notify respondents of any portions that he seeks to have <u>declassified</u>. Petitioner must provide a reasonable basis to assert that any item should be declassified, and under the heading "High Priority Items," petitioner shall identify the items he considers most important to his ability to present his defense.

Respondents' counsel has represented that both the unclassified and declassified factual returns may be disclosed to the petitioner.

**B.**     This section intentionally left blank.

**C.**     This section intentionally left blank.

**D.     Exculpatory Evidence**.

   **1**.     The government shall disclose to the petitioner all reasonably available

evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner. In this context, the term "reasonably available evidence" means evidence contained in any information reviewed by any attorney preparing factual returns for any detainee; it is not limited to evidence discovered by the attorneys preparing the factual return for the petitioner. The term also includes any other evidence the government discovers while litigating habeas corpus petitions filed by detainees at Guantanamo Bay. Disclosure of such exculpatory evidence shall occur by not later than May 14, 2010. On that date, the government shall file a notice certifying either that it has disclosed the exculpatory evidence or that it does not possess any exculpatory evidence.

    **2**. If evidence described in the preceding paragraph becomes known to the government after the deadline for disclosure, the government shall provide the evidence to the petitioner as soon as practicable.

**E.** **Discovery**.

    **1**. Respondents are under a duty to disclose to the petitioner (1) any documents and objects in the government's possession that the government relies on to justify detention; (2) all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention; and (3) information about the circumstances in which any statements of the petitioner were made or adopted, including but not limited to any evidence of coercive techniques used during any interrogation or any inducements or promises made.[1] Respondents represent that they have complied with these obligations in their filing dated April 23, 2010. See Joint Mot. for Case Management Order at 2 n.2

    **2**. Petitioner may obtain limited discovery beyond that described in the preceding paragraph in accordance with the following procedure. Discovery requests shall be presented by written motion and (1) be narrowly tailored, not open-ended; (2) specify precisely the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that is exculpatory or that will demonstrate that the petitioner is unlawfully detained; and (4) explain why the requested discovery will not unfairly disrupt or unduly burden the government. All motions for additional discovery under this subsection must be filed by not later than June 11, 2010. The government's opposition, if any, shall be filed by not later than June 24, 2010. All discovery shall be provided by not later than

---

[1] To the extent the parties require clarification as to the scope of sections I.E.1(2) and I.E.1(3), they should refer to the Court's February 9, 2009 and March 2, 2009 orders in *Zaid v. Obama*, Civ.A.No. 05-1646.

August 6, 2010, or as ordered by the Court.

F. **Classified Information**. If any information to be disclosed under Sections I.D or I.E of this Order is classified, the government shall, unless granted an exception, provide the petitioner's counsel with the classified information, provided the petitioner's counsel is cleared to access such information. If the government objects to providing the petitioner's counsel with the classified information, the government shall move for an exception to disclosure.

G. **Traverse**. In response to the government's factual return, the petitioner shall file a traverse containing the relevant facts and evidence supporting the petition. Petitioner's traverse shall be filed by not later than September 17, 2010. For good cause shown, the petitioner may amend or supplement a filed traverse.

H. **Status Report.** The parties shall file a joint status report by not later than September 30, 2010, to propose a schedule for filing motions for judgment on the record and for a merits hearing.

## II.

A. **Burden and Standard of Proof**. The government bears the burden of proving by a preponderance of the evidence that the petitioner's detention is lawful. See *Al-Bihani*, 590 F.3d at 866.

B. **Presumption in Favor of the Government's Evidence**. The Court may accord a rebuttable presumption of accuracy and authenticity to any evidence the government presents as justification for the petitioner's detention if the government establishes that the presumption is necessary to alleviate an undue burden presented in this habeas corpus proceeding. If the Court determines that a presumption is warranted, the petitioner will receive notice of the presumption and an opportunity to rebut it. Argument, if any, in support of a different evidentiary presumption or process shall be presented in each party's motion for judgment on the record.

C. **Hearsay**. Upon the request of either the petitioner or the government, the Court may admit and consider hearsay evidence that is material and relevant to the legality of the petitioner's detention, if the movant establishes that the hearsay evidence is reliable. *Id.* at 879-80; *Parhat v. Gates*, 532 F.3d 834, 847 (D.C. Cir. 2008).

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date: April 30, 2010